UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JACK MEADOWS, et al.,            )
                                 )
    Plaintiffs,                  )
                                 )
vs.                              )   Civil Action No. 95-S-1213-W
                                 )
SOUTHTRUST MOBILE SERVICES,      )
INC., et al.,                    )
                                 )
    Defendants.                  )

FILED

NOV -9 PM 12 41

N.D. OF ALABAMA

ENTERED

NOV 9 2000

## MEMORANDUM OPINION

This action is before the court on the motion for preliminary and permanent injunctive relief filed by defendant American Family Home Insurance Company ("American Home") (doc. no. 144). Upon consideration of the motion, pleadings, briefs, and oral arguments of counsel in Birmingham on Monday, October 30, 2000, this court concludes the motion is due to be granted.

### Discussion

Judy C. Beck ("Beck") purchased a new mobile home on or about July 11, 1995. One of the documents executed in connection with that transactions was a so-called "Manufactured Home Retail Installment Contract and Security Agreement." The agreement provided that the unpaid balance of the cash sale price for the mobile home, plus a $479 annual premium for comprehensive, flood, liability, and vendor's single interest insurance, were to be financed over a 25 year term at an annual percentage rate of 10.93

156

percent. The purchase contract was assigned to Greentree Financial Corp. - Alabama. The insurance referred to in the contract was issued by American Home (Policy No. 070•602•232•3029) for the policy period July 11, 1995, to July 11, 1996. Subsequent (and uninterrupted) renewals of the policy extended its coverage to July 11, 2000.

As a result of the foregoing facts, Beck became a member of the Plaintiff Settlement Class certified by this court pursuant to Federal Rule of Civil Procedure 23(b)(3). The court's final judgment, entered on June 24, 1996, defined the Plaintiff Settlement Class as follows:

> Each ... person who owned property located in Alabama ... that was insured under Collateral insurance issued by American Home between January 1, 1989, and February 15, 1996, where any portion of the premium for the Collateral Insurance was financed by a Secured Creditor; <u>provided</u>, however, that ... no person or entity who files a timely request for exclusion, shall be included within the Plaintiff Settlement Class.

During March of 2000, Beck filed Civil Action No. CV-2000-139 in the Circuit Court of Walker County, Alabama, against American Home. Beck's state court complaint alleged individual and class claims for fraud, breach of fiduciary duty, theft by deception, and unjust enrichment. She asserted that American Home failed to disclose (1) that the policy "would not pay the replacement cost of the mobile home in the event of a claim, but would only pay the

2

actual cash value of the vehicle," (2) that Beck "was being charged a premium for 'flood/rising water' even though her mobile home was not located in a flood zone," and (3) that Beck "was being charged ... for coverage provided for 'other structures.'" (Complaint, ¶ 5).

Beck's state court claims are within the scope of the claims barred by the class action settlement in this case. Similar to Beck's complaint, the *Meadows* class plaintiffs' amended complaint alleged that American Home failed to fully disclose or misrepresented the nature of the coverages and/or charges for which the borrowers were being billed (¶ 9(f)); that plaintiffs were wrongfully required to purchase policies covering adjacent structures and providing flood or rising water coverage (¶ 10(b)); and that American Home represented that the insurance policy provided insurance for an amount greater than the value of the collateral or loan payoff (¶ 10(i)). The final judgment (¶ 6) dismissed with prejudice all claims asserted, as well as all claims relating to the "Released Claims," as defined by the settlement agreement (§ 6.02), that could have been asserted.

Beck asserts that her state court claims are based on subsequent renewals of her insurance policy and, for that reason, are not barred by the final judgment entered in this action. This court finds that argument to be without merit. The *Meadows* class

3

specifically requested the court in the prayer for relief to enjoin American Home from utilizing these "illegal practices" in the future. This claim was settled by the parties agreeing, and this court approving and ordering, that these coverages would not be prohibited, but that American Home would notify policyholders of their coverages and options on an annual basis. (Final Judgment, ¶¶ 5.A.(3) & 5.B).

American Home has fully complied with its obligations under the settlement agreement and this court's final judgment. Beck was sent the letter to existing policyholders in 1996, and was also sent the annual policy renewal letter for her renewal policies, including her 1999 renewal.

As discussed above, mobile home purchasers who remained in the Plaintiff Settlement Class dismissed their claims against and released American Home. Only class members who timely opted out of the Plaintiff Settlement Class may pursue individual claims against American Home.

This court's notice to members of the settlement class set forth specific requirements for valid exclusion from the class. Although notice of the proposed settlement was mailed to Judy C. Beck, 78 Odom Road, Parrish, Alabama 35580, Beck did not request exclusion from the Plaintiff Settlement Class before May 8, 1996, as required by this court's notice.

4

The final judgment (¶ 7) expressly enjoins all members of the Plaintiff Settlement Class from relitigating the dismissed claims and the Released Claims in any other action:

> The Representative Plaintiffs and each and all members of the Plaintiff Settlement Class are hereby permanently **ENJOINED**, precluded and barred from filing, initiating, asserting, maintaining, pursuing, or continuing or participating as a litigant (by intervention or otherwise) in any action, whether an individual lawsuit or class action, in any court, asserting any of the claims dismissed herein or any of the Released Claims as defined in the Settlement Agreement.

Also, this court specifically retained jurisdiction (Final Judgment, ¶ 11) to enforce this settlement:

> This Court reserves and maintains continuing jurisdiction over all matters relating to the Settlement Agreement . . . the construction and enforcement of the Settlement Agreement . . . and the entry and enforcement of this **FINAL JUDGMENT** . . . and all other matters pertaining to the Settlement Agreement or its implementation and enforcement.

### Conclusion

Based on the foregoing, Beck remains a member of the Plaintiff Settlement Class in this action, and she therefore is due to be barred from pursuing claims against American Home in the Circuit Court for Walker County, Alabama. An appropriate injunction will be entered contemporaneously herewith.

DONE this 9th day of November, 2000.

_____
United States District Judge